UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BANK OF AMERICA NATIONAL ASSOCIATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:10cv900 (MRK) |
| | : | |
| FABIOLA DERISME, | : | |
| | : | |
| Defendant. | : | |

**RULING AND ORDER**

This is the second of two mortgage foreclosure actions that Defendant has attempted to remove from the Connecticut Superior Court to this Court. *See Bank of America Nat'l Ass'n v. Derisme*, No. 3:10cv785 (MRK) (D. Conn. filed May 19, 2010).[1] Fabiola Derisme was Defendant's legal name when she signed the mortgage agreement at issue in this case. Before Bank of America filed this case in the Connecticut Superior Court, Defendant changed her name to Fabiola Is Ra El Bey upon joining the Moorish Science Temple, a heterodox Islamic sect founded in 1913 by prophet Noble Drew Ali. *See United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003).[2] Out of respect for

---

[1] Defendant is also the plaintiff in two related cases pending before this Court. *See Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv244 (D. Conn. filed Feb. 19, 2010); *Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010). Hunt Leibert Jacobson P.C. ("Hunt Leibert"), the law firm that represents Plaintiff in the two removal cases, is the defendant in the other two cases. *See id*.

[2] Several of Fabiola Is Ra El Bey's legal arguments relate to her status as a member of the Moorish Science Temple. Readers seeking more information about the legal views espoused by the Moorish Science Temple may refer to this Court's recent decision in *McLaughlin v. CitiMortgage*, --- F. Supp. 2d ----, ----, 2010 WL 2377108 (D. Conn. June 11, 2010).

1

Defendant's religious beliefs, the Court refers to Defendant throughout this Ruling and Order as "Fabiola Is Ra El Bey."

On June 8, 2010, Fabiola Is Ra El Bey filed a Petition of Removal [doc. # 2] purporting to remove this foreclosure action from the Connecticut Superior Court to the United States District Court for the District of Connecticut. Plaintiff Bank of America National Association ("Bank of America") filed its Motion for Remand to State Court [doc. # 10] on June 22, 2010. For the reasons set forth below, Bank of America's Motion for Remand [doc. # 10] is GRANTED. Fabiola Is Ra El Bey's Motion for Leave to Proceed *In Forma Pauperis* [doc. # 1] is also DENIED as moot.

## I.

The following facts are taken from Bank of America's Complaint in this action, *see* Pet. of Removal [doc. # 2] at 35-38; from Fabiola Is Ra El Bey's Petition of Removal; and from the various documents attached to the Petition. This Court ordinarily assumes the parties' familiarity with the facts, and sets forth only those facts that are necessary for resolution of a pending motion. *See, e.g.*, *Silvera v. Conn. Dep't of Corrs.*, --- F. Supp. 2d ----, ----, 2010 WL 2232471, at *2 (D. Conn. May 27, 2010). However, in this Ruling and Order the Court sets forth the facts in greater detail, both because Fabiola Is Ra El Bey has submitted a bewildering amount of material for the Court to review and because neither Fabiola Is Re El Bey nor Bank of America has provided the Court with an adequate summary of the facts.

This case concerns a mortgage on a property located at 1423 Quinnipiac Avenue, Unit 809, in the northeast corner of the City of New Haven. *See* Pet. of Removal [doc. # 2] at 35. The property is a condominium complex operated by the Harbor Crest Condominium Association, Inc.

("Harbor Crest").[3] *See* Pet. of Removal [doc. # 2] at 36-37; App. Pt. 2 to Pet. of Removal [doc. # 2-1] at 12. On July 14, 2006, Fabiola Is Ra El Bey signed a note promising to pay First Bank $120,000 in exchange for a loan. *See* Pet. of Removal [doc. # 2] at 35. The same day, she signed an instrument conveying the property to First Bank's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"), as security for repayment of the note. *See id.* at 35-36. First Bank also provided Ms. Derisme with a "Notice of Right to Cancel" the mortgage agreement dated July 14, 2006. *See* App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 35. The notice provided that Fabiola Is Ra El Bey could cancel the transaction without cost within three business days of the date of the transaction; the date she received her Truth in Lending Act ("TILA") disclosures; or the date she received the notice, whichever came first. *See id.*

Fabiola Is Ra El Bey began experiencing difficulties with Harbor Crest within the first two years of signing the mortgage agreement. Harbor Crest apparently obtained an interest in the property because Fabiola Is Ra El Bey failed to pay common charges. *See* Pet. of Removal [doc. # 2] at 37. On August 20, 2008, Harbor Crest filed a foreclosure action against Fabiola Is Ra El Bey in the Connecticut Superior Court. *See id.* at 10. In September and October 2008, Harbor Crest twice moved for entry of default against Fabiola Is Ra El Bey in that action. *Id.* However, Harbor Crest eventually withdrew the action. *See id.* at 11.

The conflict that gave rise to this action began sometime in early 2009. Sometime before May 2009, First Bank sold Fabiola Is Ra El Bey's note. Neither party has explained to this Court exactly when the note was sold, or who purchased the note. However, because Bank of America

---

[3] Harbor Crest is a Defendant in the removed mortgage foreclosure action in the Superior Court, as is MERS, the nominee for First Bank under the loan agreement. *See* Pet. of Removal [doc. # 2] at 37. The Court notes that there is no indication in the record that either Harbor Crest or MERS has consented to removal.

3

identifies itself as "successor by merger to LaSalle Bank National Association, as trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC," *id.* at 24, it appears likely that in 2006 or 2007, Bear Stearns Companies, Inc. ("Bear Stearns") purchased the mortgage loan note, assembled it into a pool along with other mortgage loan notes, and issued a security backed by those notes. At some point, LaSalle Bank began acting as Bear Stearns' trustee, and Bank of America became trustee when it purchased LaSalle Bank in mid-2007. *See* Becky Yerak, *Court clears way for sale of LaSalle Bank*, Chi. Trib., July 14, 2007, at 1.

On May 8, 2009, Fabiola Is Ra El Bey sent First Bank, LaSalle Bank, and EMC Mortgage Corp. ("EMC") – a company owned by Bear Stearns that specializes in servicing residential mortgage loans – a "Notice of Removal" regarding her loan. *See* App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 16-19. In the notice, she purported to prohibit First Bank, LaSalle Bank, EMC, and Bear Stearns from assigning her loan to anyone else, and directed them to cease their attempts to collect on the loan. *See id.* at 16-17. She also sent them a "Notice of Revocation of Power of Attorney" in which she purported to "revoke, rescind, and terminate" her signature from the loan, and to "revoke terminate, and rescind all Powers of Attorney . . . involving the property." *Id.* at 20. She also sent them an "Identification and Proof of Assignment" in which she demanded proof that Bank of America had been assigned her loan. *See id.* at 23-30. Noting that "[i]t is very ominous that you can do business with someone for nearly three years and then someone else sues you," she set forth a list of 122 questions for Bank of America to answer. *See id.* at 24-30.[4] She concluded:

> Please remit the answers to me within 5 business days. I would have given you more time but your rush to foreclose after my default letter sent to you regarding forgery

---

[4] Among those questions were: "110. Do you have actual Possession of my UCC1? 111. Is that conversion? 110. Is it receipt of stolen property? 112. Is it the bank's responsibility to secure the equity interest of the people?" App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 29-30.

4

of signature has left me with an answer date near due. Please advise that not answering all my questions with true and complete answers will constitute obstruction of justice and denial of due process. I have a feeling you are not who you say you are, the Real Party of Interest. If I am wrong answer me that the truth may be discovered.

*Id.* at 30.

The last document Fabiola Derisma sent to First Bank, LaSalle Bank, EMC on May 8, 2009 was a "Notice of Right to Cancel." *Id.* at 31-34. In that final document, she proclaimed:

Being as the entire purported loan/mortgage process and Mortgage Deed referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action under numerous state and federal statutes. . . . The records thus far evidence, that Borrower has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which have never been received.

*Id.* at 31-32. She directed First Bank, LaSalle Bank, and EMC to "CANCEL any lien(s) and the CANCEL any security interest on [her] home within twenty (20) days." *Id.* at 32. She also promised to forgive First Bank, LaSalle Bank, and EMC for "any liability incurred by [their] wrongful actions" if they also forgave the "full amount of mortgage/credit you fraudulently allege to have given;" paid her "$150,000.00 for any loss, damage, and injury" they caused to her; and "remove[d] any/all negative comments on Borrower's credit report attributed to this transaction." *Id.*

Fabiola Is Ra El Bey apparently experienced a religious conversion two months later, in July 2009. On July 20, 2009, she signed a document pledging her allegiance to the Moorish Holy Temple of Science of the World/Free and Sundry Moorish Science Temple of America along with the Moorish Divine and National Movement of the World. *See* App. Pt. 5 to Pet. of Removal [doc. # 2-4] at 30-32. The document set forth various rules for members of the Moorish Science Temple

5

to follow, including rules regarding dress, medical treatment, and drug use. *See id.* at 31. More significantly for this Court's purposes, it stated:

> Although we have a non-obligatory respect for the laws of the local city, state and federal government, we, the Moorish Holy Temple of Science are only fully obligated to the laws which governs [sic] our body politic, its Constitution and the Organic Constitution of the united states of America Republic (1791) specifically article VI (Treaties) of said Constitution. . . . We claim our preexisting right to Autonomy and Constitutional Immunity . . . . As mandated by our doctrine, We have claimed, reclaim, and proclaim attributes which describe our Free National Descent Name of our Fore Fathers because by honoring our Mothers and Fathers our days may be long in the land. We also have revoked, rescinded, relinquished and hereby declare the legal fiction, nom de guerre, Straw man dissolute and from this day forth shall be known as Civiliter Mortus.

*Id.* at 30-31. On July 20, 2009, the newly renamed "Fabiola Is Ra El Bey" signed a "Judicial Notice and Proclamation" addressed "To All Elected United States Republic Officials and Public Servants of Federal, State, City, and Municipal Governments" asserting her "full Birthrights" as an "Aboriginal and Indigenous" person, including the right to be free from the jurisdiction of state courts. *See* App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 12-15. Fabiola Is Ra El Bey has also submitted to this Court a copy of her "Certificate of Ordination" identifying her as a "Divine Minister" of the Moorish Holy Temple of Science of the World. *See* App. Pt. 5 to Pet. of Removal [doc. # 2-4] at 29. After her religious conversion, Fabiola Is Ra El Bey began signing her communications as the "Secured Party/Creditor and Authorized Representative to FABIOLA DERISME." *See, e.g.*, App. Pt. 4 to Pet. of Removal [doc. # 2-3] at 5.

Fabiola Is Ra El Bey's effort to unilaterally terminate her three-year-old loan agreement was unsuccessful. On July 22, 2009, Bank of America filed the Complaint and *Lis Pendens* notice in this case. *See* Pet. of Removal [doc. #2] at 35-44. Bank of America also sent Fabiola Is Ra El Bey a summons, *see* App. Pt. 2 to Pet. of Removal [doc. #2-1] at 2, a notice informing her that she could

6

elect to participate in Connecticut's Foreclosure Mediation Program, *see id.* at 5; an application for the mediation program, *see id.* at 6; and an appearance form. *See id.* at 7. When Fabiola Is Ra El Bey received the summons, she returned it to Bank of America's counsel Hunt Leibert with a handwritten note scrawled on it: "Notice to cancel[.] Void ab initio[.] I do not wish to contract with you[.] I do not have a contract with you." *Id.* at 35.

Fabiola Is Ra El Bey has been an active participant in the Superior Court litigation since July 2009. On July 24, 2009, she filed a "Special Appearance" in the Superior Court. *See id.* at 16. She altered the blank form she received from the court, which originally read "Appearance," to read "Special Appearance," and further altered the phrase "Notice to Self-Represented Parties (Pro Se)" to read "Notice to *In Propria Persona* Parties." *Id.*[5] Fabiola Is Ra El Bey identified herself on the form as the "Authorized Representative for Fabiola Derisme." *Id.* She filed a motion to dismiss Bank of America's Complaint the same day. *See id.* at 39.

Fabiola Is Ra El Bey sent two other documents to the Superior Court on July 24, 2009. In a "Statement of Facts," she informed the court that she had sent various documents "rescind[ing]" her signatures from the mortgage documents, and also claimed that EMC had forged documents related to the mortgage. *Id.* at 22. She further announced that *the lis pendens* was "cancelled, rejected, annulled, voided ab initio, nunc pro tunc." *Id.* In an second, untitled document, she

---

[5] Fabiola Is Ra El Bey insists on the use of the phrase *in propria persona* – Latin for "in one's own person" – rather than *pro se* – meaning to represent oneself. However, the two phrases are in fact interchangeable. *See* Black's Law Dictionary 863, 1341 (9th ed. 2009); *see also McLaughlin*, --- F. Supp. 2d at ----, 2010 WL 2377108, at * 8.

7

asserted that she was appearing before the Superior Court only "by special visitation and not appearing generally . . . [and] seeking a remedy in Admiralty." *See id.* at 24.[6]

The same day, she sent a "Request for Accounting" to EMC and First Bank. *See* App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 36; App. Pt. 4 to Pet. of Removal [doc. # 2-3] at 1-5. According to Fabiola Is Ra El Bey, the purpose of the document was "to determine the material facts of this alleged loan agreement that were concealed." App. Pt. 4 to Pet. of Removal [doc. # 2-3] at 1. The document included a list of forty-nine questions for EMC and First Bank to answer. *See id.* at 1-4. It concluded: "Upon failure or refusal . . . to comply with this legal Request for Accounting, this collection action, demand for payment on mortgage, the collector . . . agrees to waive all claims against the debtor . . . and agrees to pay debtor for all costs and attorney fees . . . ." *Id.* at 5.

She also sent EMC and First Bank a "Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request." *Id.* at 6-26. In the document, she asserted:

> I have removed your Power of Attorney and I have removed you as Beneficiary. THE PROMISSORY NOTE BELONGS TO ME! YOU HAD BETTER NOT CASHED IT OR ALTER IT IN ANYWAY [sic]. Take care of it I don't want to hear it was Lost or Stolen because I it [sic] was stolen from me before you. I don't want to see it Forged like the forged and fraudulent copy of the Notice of my Right to Cancel document you forwarded it [sic] to me, I want to see MY NOTE crisp and clean like the day First Bank stole it from me by returning its value back to me as a loan, thereby breaching our agreement.

---

[6] Members of the Moorish Science Temple apparently believe that maritime law is the only law of the land, and that all civil cases are thus admiralty cases which belong in federal court. *See McLaughlin*, ---F. Supp. 2d at ----, 2010 WL 2377108, at *9.

*Id.* at 6.⁷ She also sent EMC and First Bank a "Notice of Adequate Assurance of Due Performance," which she represented was her "Good Faith Attempt to settle this matter and clear up any confusion about the terms of the loan agreement prior to a[] . . . [h]earing on the matter." *Id.* at 29-30.

The Superior Court returned the altered "Special Appearance" to Fabiola Is Ra El Bey, and sent her a new appearance form on July 27, 2009. *See* App. Pt. 2 to Pet. of Removal [doc. # 2-1] at 19. On August 4, 2009, Fabiola Is Ra El Bey sent a letter to the clerk of the court, *see id.* at 20, along with a copy of a "Power of Attorney" dated July 27, 2009. *See id*. at 17-18. In the letter, she explained: "I am the private Attorney for the named entity. . . . Please restore the Special Appearance back in the file as of the July 24th 2009 date . . . . [F]ailure to restore my original file . . . will constitute obstruction of justice and denial of due process." *Id.* at 20. On August 5, 2009, she sent an email to the clerk's office explaining: "Your clerk might not understand that FABIOLA DERISME in all CAPS is a corporation and as such cannot present itself." *Id.* at 21.

On August 5, 2009 an attorney with Bank of America's counsel Hunt Leibert wrote Fabiola Is Ra El Bey a letter. *See* App. Pt. 4 to Pet. of Removal [doc. # 2-3] at 37. The letter informed Fabiola Is Ra El Bey that as of August 5, 2009, she still owed $139,529.28 on her mortgage. *Id.* In response, Fabiola Is Ra El Bey sent Hunt Leibert an "Initial Debt Collection Dispute Letter" through certified mail. *See* App. Pt. 5 to Pet of Removal [doc. # 2-4] at 1-4.⁸ The letter stated, in part: "I DO

---

⁷ The content of the "Qualified Written Request" suggests that by July 24, 2009, Fabiola Is Re El Bey had become a subscriber to the "vapor money" theories espoused by members of the Moorish Science Temple. *See McLaughlin*, --- F. Supp. 2d at ----, 2010 WL 2377108, at *9-10. "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Id.* at *10.

⁸ In the two related cases in which Fabiola Is Ra El Bey is the plaintiff and Hunt Leibert the defendant, *see Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv244 (D. Conn. filed Feb. 19, 2010); *Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv23 (MRK) (D. Conn. filed Jan. 7, 2010), Fabiola Is Ra El Bey alleges, *inter alia*, that Hunt Leibert's communications with her

NOT HAVE A CONTRACT with YOU and I DO NOT WISH TO CONTRACT with you. . . . Your attempt to contract with FABIOLA DERISME via Summons was rejected on July 24th, 2009." *Id.* at 1. It also asserted: "[A]ny authority transferred or given to you by BANK OF AMERICA is unauthorized and illegal." *Id.* at 2.

Fabiola Is Ra El Bey's motion to dismiss remained pending in the Superior Court throughout August 2009. On August 12, 2009, Bank of America filed an Objection to Motion to Dismiss and Memorandum of Law in Support Thereof. *See* App. Pt. 2 to Pet. of Removal [doc. # 2-1] at 39-46. Bank of America argued in its Objection that Fabiola Is Ra El Bey's assertion of a federal law defense in no way barred the state court from exercising jurisdiction over the case. *See id.* at 41. On August 24, 2009, Fabiola Is Ra El Bey filed a "Rebuttal to Debt Collector's Objection to Dismiss Motion and Amendment to Motion to Dismiss." *Id.* at 47-50; App. Pt. 3 to Pet. of Removal [doc. # 2-2] at 1-11. She argued in the Rebuttal that the Superior Court had no power to exercise jurisdiction over because of her status as an "Aboriginal/Indigenous Natural Person." App. Pt. 2 to Pet. of Removal [doc. # 2-1] at 49 (citing, *inter alia*, Declaration of the Rights of the Child, G.A. Res. 1386, U.N. GAOR Supp. (No. 16) at 19, U.N. Doc. A/4354 (1959)).

Throughout the litigation in the Superior Court, Fabiola Is Ra El Bey questioned the legitimacy of the Superior Court. On August 31, 2009, she filed a "Writ in the Nature of Discovery" in the Superior Court:

> Henceforth, FABIOLA DERISME demands the following as proof that this said Court is operating legally in accordance with the Constitution of the United States and request the following in discovery: 1. Provide FABIOLA DERISME with a copy of the certified Delegation of Authority granted to the Superior Court of Fairfield from Congress to ordain and establish the said Superior Court.

---

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

App. Pt. 4 to Pet. of Removal [doc. # 2-3] at 33. On October 5, 2009, Fabiola Is Ra El Bey submitted an "Affidavit of Facts" to the Superior Court in which she asserted that the court lacked "BOTH Personal and Subject Matter Jurisdiction and has not produced its Delegation of Authority ordained by Congress." *Id.* at 35. On December 28, 2009, she filed a "Demand to Cease and Desist Collection Activities No Initial Collection Letter" which included a "Warning to Any Alleged Court" that if any judge proceeded with "any Collection Activity regarding this matter," he or she would "be guilty of treason . . . and w[ould] be brought up on charges of Misprison of Treason and Misprison of Felony." App. Pt. 5 to Pet. of Removal [doc. # 2-4] at 39-44.

On January 21, 2010, the Superior Court issued a Memorandum of Decision denying Fabiola Is Ra El Bey's motion to dismiss. *See id.* at 9-13. The Superior Court noted: "Ms. Derisme filed an appearance July 24, 2009 under the name of Fabiola Is Re Al Bey for the purposes of contesting the court's jurisdiction over this matter." *Id.* at 9. The court concluded, *inter alia*, that "[w]hile defendant's allegations [of fraud, misrepresentation, and irregularities by Bank of America] could arguably serve as valid special defenses to plaintiff's claim that defendant is in default, her allegations do not appear to support the argument that the court has no jurisdiction over this matter." *Id.* at 11. On February 10, 2010, Fabiola Is Ra El Bey filed a "Judicial Notice" accusing the court of burdening her exercise of her religion by referring to her as "Fabiola Derisme" in its order. *See id.* at 50-51. She also filed a "Petition to Reargue/Reconsider or Overturn and Memorandom [sic] of Law" on February 23, 2010, s*ee id.* at 16-26; as of June 22, 2010, the petition was still pending. *See* Mem. of Law in Supp. of Pl.'s Mot. for Remand to State Court [doc. #10-1] at 2.

The Superior Court held a hearing in another foreclosure action against Fabiola Is Ra El Bey on February 19, 2010. *See* Pet. of Removal [doc. # 2] at 9. Following that hearing, a different

11

Superior Court judge concluded for the first time that Fabiola Derisma and Fabiola Is Ra El Bey were, in fact, the same person. *See* Pet. of Removal [doc. # 2] at 3. Fabiola Is Ra El Bey argues that in this case, she was not aware that she – rather than Fabiola Derisme – was the Defendant until she received the order from the judge in the other case on May 10, 2010. *See id.*

Fabiola Ra El Bey filed her Petition of Removal on June 8, 2010, twenty-nine days after she allegedly discovery that she was the Defendant. On June 10, 2010, this Court issued an Order [doc. # 3] directing the parties to address the timeliness of removal. On June 16, 2010, Fabiola Is Ra El Bey filed a "Petition for Preliminary Injunction/Temporary Restraining Order As Appropriate Relief Under the Religious Freedom Restoration Act" [doc. # 6], in which she asked this Court to issue a restraining order against itself to prevent it from remanding the case to the Superior Court, and argued that the Court had improperly given legal advice to Bank of America regarding the lateness of the removal notice. She later clarified that "[i]t was the clerk of the Court who insisted that the Injunctions [sic] had to be submitted the way it eventually was" and that "Fabiola Is Ra El: Bey would never be so audacious or foolish as to ask Your Honor to pass an injunction on himself . . . ." Reply to Order Construing Pet. for Prelim. Inj. as Resp. to Timeliness Issue [doc. # 8] at 2.

Bank of America filed its Motion for Remand to State Court on June 22, 2010. Bank of America asserts in its motion that Fabiola Is Ra El Bey's attempt to remove this case to federal court is untimely. *See* Mot. to Remand to State Court [doc. # 10] at 1. In further support of its motion, Bank of America argues: (1) that 28 U.S.C. § 1441(b) prohibits Fabiola Is Ra El Bey from removing this action on the basis of diversity of citizenship because she is a citizen of Connecticut, *see* Mem. of Law in Supp. of Pl.'s Mot. for Remand to State Court [doc. # 10-1] at 2-5; (2) that the case should be remanded for lack of subject matter jurisdiction as there is no other basis for removal, *see id.* at

5-8; and (3) that the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 636 U.S. 413, 415-16 (1923), bars the Court from exercising subject matter jurisdiction over this case. *See id.* at 8-9.

The Court agrees with Bank of America that Fabiola Is Ra El Bey waited too long – indeed, far too long – to remove this case from the Superior Court to federal court. The Court also notes that Fabiola Is Ra El Bey has apparently failed to obtain consent to remove the case from her co-Defendants. Because Fabiola Is Ra El Bey asserts that the Court's June 10, 2010 Order constituted improper legal advice to Bank of America, the Court further explains why a timely filing would not have been sufficient to remove this case to federal court, both because multiple Defendants are Connecticut citizens, and because this action does not arise under federal law. The Court does not believe it is necessary to reach Bank of America's *Rooker-Feldman* argument.

**II.**

The untimeliness of Fabiola Is Ra El Bey's Petition is a sufficient ground for remanding this case to the Superior Court. Although late removal is a procedural defect which may be waived by the plaintiff in a removed case, *see Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993), Bank of America raised the lateness of the Petition as a ground for remand less than thirty days after Fabiola Is Ra El Bey filed her Petition. *See* 28 U.S.C. § 1447(c).

There can be little doubt that removal in this case was untimely. The only reason Fabiola Is Ra El Bey asserts for filing more than thirty days after she received a summons to appear in the Superior Court is that "[b]ecause the Plaintiff did not name or amend complaint, Fabiola Is Ra El: Bey was not named as a defendant and was robbed of the opportunity to remove this case, for under the Federal Rules only a defendant can move a case." Pet. of Removal [doc. #2] at 2. As the Superior Court correctly concluded, "Fabiola Derisme" and "Fabiola Is Ra El Bey" are the same

13

person, and either "Fabiola Derisme" or "Fabiola Is Ra El Bey" could have attempted to remove this case at any time.

The Court cannot accept Fabiola Is Ra El Bey's contention that she ceased to be "Fabiola Derisme" upon her religious conversion. But even if the Court were willing to accept her contention regarding the legal effects of her religious conversion, however, Fabiola Is Ra El Bey's argument that she did not realize she was the Defendant until May 10, 2010 would still be implausible. Fabiola Is Ra El Bey's own filings in the Superior Court contradict her assertion regarding her lack of knowledge before May 10, 2010. On August 24, 2009 – approximately ten months before Fabiola Is Ra El Bey filed the Petition of Removal in this Court – Fabiola Is Ra El Bey argued for the first time in the Superior Court that the Superior Court lacked personal jurisdiction over "the Petitioner, *Fabiola Is Ra El: Bey*." App. Pt. 2 to Pet. of Removal [doc. # 2-1] at 49 (emphasis added).

The Court notes that this is precisely the sort of case that Congress must have had in mind when it included a removal deadline in 28 U.S.C. § 1446(b). Bank of America filed this case in the Superior Court on July 22, 2009, and Fabiola Is Ra El Bey appeared in the Superior Court for the first time on July 24, 2009. Rather than filing a timely notice of removal, she submitted a barrage of documents to the state court asserting her various legal theories. She then waited until *after* the state court *rejected* her theories before attempting to remove the case to federal court. Under limited circumstances, the removal statute permits a state court defendant to elect a federal district court as an *alternative* to the state forum. It does not permit a defendant who chooses to avail herself of the state forum to then ask a federal district court to sit as an appellate tribunal in review of unfavorable state court rulings.

14

The Court further notes that its Order directing the parties to address timeliness did not constitute improper legal advice from the Court to Bank of America. Within thirty days after a defendant attempts to remove a case to federal court, this Court has the authority under 28 U.S.C. § 1447(c) to remand the case *sua sponte* based on a procedural defect. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006). This Court's usual practice upon finding a potential procedural defect in a removal filing is to give notice to the parties and allow them to brief the issue themselves, rather than to remand *sua sponte*. The Court is confident that the power to remand *sua sponte* based on procedural defect necessarily includes the power to inform the parties about the potential defect, and to ask them for their comments about the potential defect.

### III.

Although neither party has raised the issue, the Court notes that "[i]n cases removed pursuant to [28 U.S.C. § 1441(b)] . . . all of the defendants in the state court action must consent to the removal, and the notice of removal must be signed by all of the defendants, although other forms of manifest consent may be acceptable." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Federal Procedure* § 3730, at 440 (4th ed. 2009); *see In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 134 (2d Cir. 2007). Harbor Crest and MERS are both Defendants in this case because they claim significant financial interests in the foreclosure property. *See* Pet. of Removal [doc. # 2] at 37. There is no indication in the record that either Harbor Crest or MERS consented to the removal of this case from the Superior Court.

Although neither Harbor Crest nor MERS has explicitly consented to removal, the Court does not remand on the basis of a violation of the unanimity rule. Bank of America failed to raise that defect in support of its Motion for Remand. Although the Second Circuit has apparently not

15

commented on this specific issue, other Courts of Appeals and district courts in this Circuit have held that a violation of the rule of unanimity is, like an untimely removal notice, a procedural defect which may be waived by the plaintiff. *See, e.g.*, *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002); *Borden v. Blue Cross & Blue Shield of W. N.Y.*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006). The Court agrees with the reasoning of those other courts.

IV.

Finally, even a timely filing by Fabiola Is Ra El Bey – and her filing was not timely – would not have been sufficient to remove this case to federal court. Even if Fabiola Is Ra El Bey had filed her Petition on time – that is, by July 22, 2009 rather than June 8, 2010 – the case would still have been remanded pursuant to § 1441(b). Under § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." However, there is an important proviso to that statement: "Any other such action shall be removable *only if* none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought." *Id.* (emphasis added).

This case is most assuredly not a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under" federal law. *Id.* The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Ribet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted). Bank of America's Complaint, *see* Pet. of Removal [doc. # 2] at 35-38, does not present any federal claims on its face. The only claim Bank of America

16

asserts is a state-law claim for foreclosure on Fabiola Is Ra El Bey's mortgage.

Fabiola Is Ra El Bey's argument that this case arises under federal law because Bank of America's Complaint incorporates references to Fabiola Is Ra El Bey's anticipated TILA arguments is incorrect. An anticipated federal law defense is not part of a properly pleaded complaint. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). Because the only federal law issue in this case is Fabiola Is Ra El Bey's anticipated federal-law defense, this case "arises" under state law only.

As this case does not arise under federal law, it would be removable only if none of the parties that have been properly joined and served as a defendant is a Connecticut citizen. *See* 28 U.S.C. § 1441(b). Defendant Harbor Crest is most assuredly a citizen of Connecticut. So is Fabiola Is Ra El Bey, although she has repeatedly insisted that she is not. She summarizes her own argument about her citizenship better than the Court can:

> Fabiola Is Ra El: Bey . . . is not a member of your society . . . . Fabiola Is Ra El: Bey domiciles in Aspetuck Territory, Al Moroc, Northwest Amexicum the North Gate. In addition, Fabiola Is Ra El: Bey is an aboriginal/indigenous Murrish (Moorish) American and is a Territorial Chieftess in the Washitaw Nation, dubbed the oldest people living on this planet commonly referred to by its third position as Earth. Therefore, there is diversity. . . . . Furthermore, the State of Connecticut . . . is a corporation . . . and is not a Geographical place where any living sentient can "reside."

See Objection to Mot. for Remand [doc. # 13] at 7. Fabiola Is Ra El Bey further argues that she is not a Connecticut citizen because she does not "participat[e] in any benefits or privileges of the aforementioned State." Pet. for Remand [doc. # 2] at 4.

The Court does not doubt that Fabiola Is Ra El Bey's religious convictions are sincere; that she is in one sense of the word a "diverse" person; and that she has chosen not to take advantage of various governmental services. But changing one's name, having a religious conversion, being religiously and ethnically diverse, and dumping one's own garbage do not change a person's citizenship for purposes of diversity jurisdiction or for purposes of the removal statute. For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced. *See, e.g.*, *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (citing *Gilbert v. David*, 235 U.S. 561, 568-69 (1915)). The statute does not actually use the word "diverse." Fabiola Is Ra El Bey was domiciled in Connecticut when she mortgaged the Connecticut property at issue in this case and when this action was commenced against her in Superior Court. Fabiola Is Ra El Bey is entitled to call Connecticut "Aspetuck Territory" – or any other name she likes for that matter – but that cannot change the fact that Connecticut is still Connecticut, and that Fabiola Is Ra El Bey was – and is still today – domiciled in Connecticut.

The Court notes that it has considered and rejected Fabiola Is Ra El Bey's argument that the case cannot be remanded because Fabiola Is Ra El Bey is not subject to state court jurisdiction. Fabiola Is Ra El Bey believes she is "sovereign," "aboriginal," and "indigenous," and thus not subject to the jurisdiction of state courts. Members of the Moorish Science Temple may believe whatever they like about the legitimacy of state courts and of state court judgments. However, this Court is not aware of any legal principle which allows a person to immunize herself from state court jurisdiction simply by joining a

particular church. If such a principle did exist, it would be utterly contrary to our Constitution, our history, and our legal traditions, which require equal treatment under the law for all people, regardless of their religious or claimed ethnic backgrounds.

**IV.**

In sum, this case is remanded to the Connecticut Superior Court because Fabiola Is Ra El Bey's attempt to remove the case to federal court was untimely and because Bank of America filed a timely objection based on that procedural defect. Bank of America's [doc. # 10] Motion for Remand is therefore GRANTED. Fabiola Is Ra El: Bey's Motion for Leave to Proceed *In Forma Pauperis* [doc. # 1] is also DENIED as moot. **The Clerk is directed to close this case.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **August 13, 2010**.